Case 1:21-cv-00942-JMS-MJD    Document 1    Filed 04/15/21    Page 1 of 15 PageID #: 1

FILED
04/15/2021
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

CHARLES JOHNSON )
Pro Se (Doe's) Plaintiffs )

1:21-cv-0942-JMS-MJD

V.

THE UNITED STATES FEDERAL GOVERNMENT; )
THE STATE OF INDIANA's Governor's MIKE PENCE and ERIC HOLCOMB )
It's DAVIESS County Prosecutor's Office and Prosecutor's DANIEL MURRIE, DONITA F.M )
FARR, DAVID J. LETT, JENNIFER L JOHNSON )
THE CITY OF WASHINGTON INDIANA and It's Washington Police Department )
and it's Officer's CASE A. CUMMINGS, CERTIFIED K-9 OFFICER DIESEL, BRANDON M.
GARLAND, COLLIN R. CORNELIUS, CHEIF TODD CHURN, CHEIF JULIE BENNETT,
DERRICK R. DEVINE and THE DAVIESS COUNTY SHERIFF'S OFFICE and its
Sheriff's Deputy's Keith HINDERLITER and Deputy NESNEUMAN

COMPLAINT CIVIL RIGHTS CLASS ACTION - 42 U.S.C. Sections 1983, 1985(3) and 1986 under Rule 23(b)(2) FOR declaratory and injunctive relief for the class and damages for Charles Johnson.

INTRODUCTORY STATEMENT

1. This is an action brought with the intent to restore goodwill, faith and humanities to a process that lacks integrity on many levels. For the deprivation of Rights of the ordinary class of people and Pro Se Litigants whom are often ignorant of the legal process.

Are held to the same standard's as Lawyer's who possess years of education and experience. Are more times than none inadvertantly congesting the Courts calendars with Frivolous Claims that Fail to state a claim upon which Relief can be granted. Whom often times suffer from Rosjeticate doctrine because of their little to no knowledge of the legal process and its applications of statutes, and Laws, and Constitutional provisions and such. Pro Se Litigants suffer from the screening processes because Accused often use tools like the Prisoner Litigation and Reform act, and Statutes like Indiana Code 35-58-1-2, Trial Rules, 3 and 12(B)(2)(4)(5) and (6), and Immunities that become culpable and complicit to injustices by State and Local Governments to cover-up atrocities that ordinary class people that do not have the Financial means, nor the education to correct wrongs by Public employees, Officers, Sheriff's, Prosecutor's committing grave injustices, and constitutional violations under the Color of State Law, and statute of limitations.

I am Charles Johnson a Pro Se Litigant, that is currently incarcerated For Crimes, I am seeking Post Conviction Relief from which should be Forgiven. Yet I face an up hill Mountainous climb suffering all the way because the City of Washington and its Police Department on May 5, 2016, May 11, 2020, sought to violate my constitutional rights knowingly and intentionally. I was maliciously prosecuted for over 3 years. My business was taken. My life and Family Bonds were severed and I battle legal sufficiency in State Court instead of someone speaking up for me and saying Give this man compensation, You wronged him. In the name of God and true prison Reform This complaint is constructed.

## Jurisdiction & Venue

2. This is a civil action complaint authorized by 42 U.S.C. Sections 1983, 1985(3) and 1986 and the Fourth, FIFTH, FIRST, EIGHTH, and FOURTEENTH AMENDMENTS of the Constitution of the United States, to redress the deprivation under Color of State Law, of Rights secured by the Constitution of The United States. This Court has the jurisdiction under 28.U.S.C. Section 1331 and 1343(a)(1)(2)(3). Plaintiff seeks injunctive relief on behalf of the Class of Pro Se Litigants and declaratory relief pursuant to 28 U.S.C Sections 2201 and 2202.

3. The Southern District of Indiana, Indianapolis Division is an appropriate venue under 28 U.S.C Section 1391(b)(2) because it is where the events giving rise to this claim occured.

# PARTIES

4. Plaintiff, Charles Johnson, pro se, is currently detained at the New Castle Correctional Facility, 1000 Van Nuys Rd. New Castle Indiana 47362-1041. There are no other Plaintiffs. For the events giving rise in this complaint, the plaintiff resided at 764 E. Michigan St. Evansville IN 47711.

5. At all times relevant to, defendant Collin R. Cornelius, was a Police Officer employed by the The City of Washington Indiana's Police Department, 101 N.E 3rd Street, Washington Indiana 47501, to perform duties in the City of Washington as an agent of the city's Police Department. He is being sued in his individual and official capacity.

6. At all times relevant to, defendant Sgt. Derrick R. Devine, was a Police Officer employed by the City of Washington Indiana's Police Department, 101 N.E. 3rd Street, Washington Indiana 47501, to perform duties in the City of Washington as an agent of the city's police department. He is being sued in his individual and official capacity.

7. At all times relevant to, defendant Det. Sgt. Brandon M. Gerland, was a Police Officer employed by the City of Washington Indiana's Police Department, 101 N.E. 3rd Street, Washington Indiana 47501, to perform duties in the City of Washington, as an agent of the city's police department. He is being sued in his individual and official capacity.

8. At all times relevant to, defendant Case A. Cummings, was a Police Officer employed by the City of Washington Indiana's Police Department, 101 N.E. 3rd Street, Washington Indiana 47501, to perform duties in the City of Washington as an agent of the city's police department. He is being sued in his individual and official capacity.

9. At all times relevant to, defendant Certified Narcotics K-9 Officer Diesel, was a Police Officer employed by the City of Washington Indiana's Police Department, 101 N.E. 3rd Street, Washington Indiana 47501, to perform duties in the City of Washington, as an agent of the city's police department. He is being sued in his individual and official capacity.

10. At all times relevant to, defendant Sheriff's Deputy Keith Niederliter, was a sheriff's deputy employed by the Daviess County Sheriff's Office, 101 N.E. 4th Street, Washington Indiana 47501, to perform duties in the County of Daviess, as an agent of the county's sheriff's office. He is being sued in his individual and official capacity.

11. At all times relevant to, defendant Sheriff's Deputy Heshelman, was a sheriff's deputy employed by the Daviess County Sheriff's Office, 101 N.E. 4th Street, Washington Indiana 47501, to perform duties in the County of Daviess, as an agent of the county's sheriff's office. He is being sued in his individual and official capacity.

12. At all times relevant to defendant, Daniel Murrie, was employed by the Daviess County Prosecutor's Office, 200 E. Walnut Street, Washington Indiana 47501, to perform duties as a Prosecutor, in the County of Daviess, as an agent of the county's prosecutor's office. He is being sued in his individual and official capacity.

13. At all times relevant to, defendant, Davita F.M Farr, was a prosecutor employed by the State of Indiana and it's Daviess County Prosecutor's Office, 200 E. Walnut Street, B03, Washington Indiana 47501, to perform duties in the County of Daviess, as an agent of the county's prosecutor's office. He is being sued in his individual and official capacity.

14. At all times relevant to, defendant, David J. LETT, was a prosecutor employed by the State of Indiana and it's Daviess County Prosecutor's Office, 200 E. Walnut Street #803, Washington Indiana 47501, to perform duties in the County of Daviess, as an agent of the county's prosecutor's office. He is being sued in his individual and official capacity.

15. At all times relevant to, defendant, Jennifer L. Johnson, was a prosecutor employed by the State of Indiana and it's Daviess County Prosecutor's Office, 200 E. Walnut Street #803, Washington Indiana 47501, to perform duties in the County of Daviess, as an agent of the county's prosecutor's office. He is being sued in his individual and official capacity.

16. At all times relevant to defendant, City of Washington "DOE" was duly appointed Commissioner of the Washington Police Department, c/o James P. Casey, Clay Havill, 20 N.W. First Street. P.O. Box 916, Evansville, IN 47706-916, As such he was the commanding officer of the defendants of the Washington Police Department and "Doe" was responsible for their training, supervision and conduct. He was also responsible by law for the enforcing the regulations of the Washington Police Department and for ensuring that City of Washington's police personnel obey the laws of the State of Indiana and of the United States. At all relevant times, he was acting in such capacity as the agent, servant, employee of the defendant City of Washington. He is being sued in his individual and official capacity.

17. The defendant City of Washington (hereinafter "COW") is a municipal corporation within the State of Indiana and at all relevant times it employed defendants Cdlw R. Cornelius, Sgt. Derrick R. Devine, Det. Sgt. Brandon M. Garland, Case A. Cummings, Certified Narcotics K-9 Officer Diesel and "Doe".

18. At all times relevant hereto and in all their actions described herein defendants Collin R. Cornelius, Sgt. Derrick R. Devine, Det. Sgt Brandon M. Garland, Case A. Cummings, Certified Narcotics K-9 Officer Diesel and "Doe" were acting under the color of law and pursuant to their authority as police personnel, and Acting Chief Todd Church and Julie Bennett

19. The Daviess County Prosecutor's Office is a municipal corporation (hereinafter "DCPO") within the State of Indiana (hereinafter "IND") and at all relevant times employed defendants Daniel Murrie, Donita F.M. Farr, David J. Lett, and Jennifer L. Johnson.

20. At all times relevant hereto and in all their actions described herein defendants Daniel Murrie, Donita F.M. Farr, David J. Lett, and Jennifer L. Johnson were acting under the color of law and pursuant to their authorities as public prosecutor's.

## FACTUAL ALLEGATIONS

21. On May 5, 2016 at about 11:32 pm Charles Johnson, plaintiff, was stopped allegedly not stopping at a stop sign around the intersection on N.W. 10th and McCormick in Washington Indiana. Plaintiff was pulled over around the intersection of N.W 10th and Main. Plaintiff was a black man driving a black GMC Terrain (2012) with visible front bumper Illinois plate "R235482". Plaintiff alleges that in this very moment as officer Case A. Cummings, asked Johnson for License, Registration and proof of Insurance he was being racially harassed. Johnson knew that he had seen a few Authorities vehicles in the area and knew to be extra caustious in observing all the required traffic laws. Which caused Johnson to be certain that he came to a complete stop at the stop sign.

22. After being asked for the documentation and being told the reason for the stop. Johnson cooperated and explained that he was a chauffeur, and the vehicle was used for transportation and delivery and logistics services. The officer (Case A. Cummings) performed the necessary task to a traffic stop. The plaintiff's license was a Valid State of Indiana Chauffeur's License, Registration was valid and proper and proof of insurance was present. Per Public Records documents Cummings requested "Cornelius to write a written warning to Charles for disregarding stop sign so I (Cummings) could use my k-9." This act was outside the scope of both of the officers duties and was malicious, reckless, willful and wanton, because these acts were committed knowingly and intentional, that these acts would cause injury and constitutional violations because they were implimented without not even the faintest hint of reasonable suspicion that a crime had been committed, or that a crime was about to be committed, and was without any probable cause. All defendants knew that they were about to cause Johnson injury, and violate his constitution Rights

22. Deputy Ninderliter and Garland, after conspiring with Cummings and Ninderliter to further the injury and constitutional violation of Plantiff's right to be free to travel, now come together to show cause to invade Johnson's privacy, and subject Johnson to an unlawful search and seizure. Which was known by all officer's on the scene, or should have been known to be a violation of Johnson's Constitutional Right to be free of an unlawful search and seizure after the first pass where Officer Diesel did not show cause to search Johnson's vehicle for any reason.

23. After another failed attempt, Johnson believes, that either Cummings lied about Deisel's findings or Diesel was inadequately trained to perform the duties required of a Certified Narcotics K-9 Officer.

24. The items alleged to be illegal were easily identifyable as the powdery substance was with a labeled package marked FUB-AMB. Also the leafy substances were clearly labeled with shipping information to be not a lookalike substance but the actual substance found.

25. This is the Plaintiff's gravest concern and charge against the State of Indiana to date. Indiana has constructed laws meant to oppress and violate it's citizens Constitutional Rights. And failed to construct laws that prohibit actions like these by its Government Agencies, and State and City Employees.

26. Per Public Records Documents there were at least 2 field test done. The field test results were said to be negative overall.

27. Then Johnson was falsely arrested and imprisoned a right that was violated where immunity does not apply.

28. Johnson vehicle that was producing a minimum of $4500.00 per. mo. was then seized another clear violation that all officers should have known where constitutional violations.

29. Sergeant Devine knew the brown box he showed as evidence to be legal materials because the labeling was clear. As every officer and Sheriff should have known at that time, they were conspiring to cause Johnson injuries and constitutional violations.

30. All officers and Sheriff's were on the scene and eager participants in the events which caused the plaintiff to seek remedy. Their actions caused constitutional violations and produced injuries of Intentional Infliction of Emotional Distress, Defamation of Character, Invasion of Privacy, unlawful search and seizure, False arrest and imprisonment, and a right to a fair trial was not afforded to Johnson because these defendants became the proximate cause of a Johnson being subjected to the legal process, on Fraudulent information, and Fabricated evidence.

31. All three officer's and Sheriff's acted outside the scope of their duties and function as public employees as well. When weighing their individual Characters while performing their investigative and administrative functions these officer's failed to adhere to the Laws governing their actions and clearly made a choice to purposefully violate Johnson's Constitutional Rights, knowing they would cause Johnson Injuries:

32. Cummings and Garland produced Defamatory public Records documents.

33. Cummings enters Modified PR & R Records after the facts on May 18, 2016. And Request Lab Results on July 31, 2018. Over 2 yrs later incapacitating the process.

34. Garland attempts to defame Johnson's character on about June of 2020 through Public Records Documents.

35. Chris Todd Church condones the submission and fails to act when he knew this defamatory document would cause Johnson more insult and injury as this attempt again to prejudice Johnson's claim on False Evidence Fabricated for conspiracy hinder Johnson Right to Due Process as well.

36. All officer's, sheriff's, and prosecutor's alike mentioned, named in this complaint had a duty to act. Cummings stated field test performed had no positive results. Plaintiff was yet falsely arrested, imprisoned, subjected to unlawful search and seizure, cruel and unusual punish, a horrendous malicious prosecution or pre trial detention without probable cause as an attempt to interfere with plaintiff's rights to seek redress knowing that while prosecution of the facts alleged plaintiff could not seek redress. It seem fitting that exactly 3 years passed. Which is the statute of limitation for at least on of the violations complained of.

37. All officer's, sheriff's, and prosecutor's alike may have fabricated, (evidence), attested to the truth of the (evidence), and even a couple of them committed perjury in the early stages of the investigation when prosecutors and officer's share the same investagatory functions, administrative duties. In the cases of Daniel Morris, Case A. Cumming and Jennifer Johnson for certain.

38. The United States Federal Government is being sued for injunctive relief for its governing policies, practices, laws, statues, doctrines standards and procedures that seem to oppress pro se litigants and do not afford litigants equal privileges nor equal footing. That allow State and Local and Government entities to subject a Class Such as Pro Se Litigants a true and fair chance at petitioning the courts for remedy as afforded by the Constitution of The United States. as mentioned in paragraphs 1-40

39. The STATE OF Indiana is being sued for damages for Charles Johnson, for issues surrounding the events mentioned in paragraphs 1-38. It's also being sued for enacting and governing functions that serves as an accomplice to injustice, that aids and abetts misconduct performed by STATE and Local government employees and entities. Mike Pence as Governor as well as Eric Holcomb as Governor should have taken a closer look at these issues an put forth standards, statutes and other safeguards to derail such action complained of at its inception that serves as deterrents to misconduct as opposed to immunities that broadly accept FRAUD, lies, initiation of process discrepancies as true and just measures of justice that suffer no consequence or remedy to its victims, and particularly Prose litigants seeking redress for the broad spectrum of issues of force.

40. The City of Washington for the same as mentioned in the paragraphs 1-39 and for failing to properly train it police force and law enforcement officials. And failing to ensure that's its Officer's know that failing to act is just as detrimental to a man's liberties as the act itself.

# Federal Causes of Action

41. The allegations set forth in paragraphs 1-71 are incorporated herein by reference.

42. The herein described actions and omissions engaged in under the color of state authority by the Defendants of The Washington Police Departments Individually named Defendants, The Daviess County Sheriffs Office Individually named defendants, The Daviess County Prosecutors individually named defendants, including the City of Washington, and The State of Indiana individually named defendants, including but not limited to his Fourth amendment Rights to be free from unlawful search and seizure of his person and property without probable cause, his Fifth and Fourteenth amendment Right to due process of Law including a right to a fair trial, his Right to access to court afforded by the First Amendment, as defendants interfered with plaintiff Right to seek redress by covering up misconduct. His Eighth amendment right to be free from cruel and unusual punishment but not limited to as Plaintiff ask Court to liberally construe because he is a Pro Se Litigant seeking remedy and does not fully understand how to construct complaint.

## Relief Prayer

Wherefore, Plaintiff, Charles Johnson demands prayerfully the following Relief jointly and severally against all defendants:

A. Compensatory damages in the amount of not less than ~~$500,000~~ $1,500,000

B. Punitive damages in the amount of not less than $1,000,000

C. Attorneys Fees and other Related Cost pursuant to 42 U.S.C ?

D. Such other and further relief as this court deem appropriate under the circumstances

Plaintiff has file an action in this District previously
1:20-CV-03292-TWP-TAB

## Verification

I have Read the foregoing complaint and hereby verify that the matters alleged therein are true to the best of my knowledge, except as matters alleged on information and belief, and as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct

Respectfully Submitted

4-13-2021

Charles Johnson
Charles Johnson # 270530
New Castle Correctional Facility
New Castle IN 47362

# CERTIFICATE OF SERVICE and FILING

I hereby certify that on this 13th day of April, 2021, the foregoing was filed with the Clerk of the United States District Court, Indianapolis Division.

I also certify that on this 13th day of April, 2021, the foregoing was served by personally handing the same to the appropriate staff at the New Castle Correctional Facility to be placed in the facility's prison legal mail system and deposited in the United States Mail, First-Class postage prepaid upon:

Clerk of the U.S District Court
105 U.S. Courthouse
46 East Ohio Street
Indianapolis IN 46204

OFFICE OF Attorney General
ATTN: Tort Claim Investigations
Indiana Government Center South 5th Floor
302 W. Washington Street
Indianapolis Indiana 46204